UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN D. MEAUX,

       Petitioner,

v.                                             CASE NO. 11-13677
                                                   HONORABLE MARK A. GOLDSMITH

RAYMOND BOOKER,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Justin D. Meaux has filed a pro se habeas corpus petition challenging the Michigan Parole Board's decision to revoke his parole. Because Petitioner has not exhausted state remedies for his claims, his petition must be dismissed.

### I. Background

      The petition and exhibits indicate that Petitioner was sentenced on June 7, 2001, to two years in prison for felony firearm and four to ten years for assault with intent to do great bodily harm less than murder. On October 17, 2008, he was sentenced to one to five years in prison for receiving and concealing stolen property. On October 20, 2009, Petitioner was released on parole for a term of twelve months, but on August 31, 2010, he allegedly assaulted and threatened Patrice Wilkins, the mother of his child. At a parole revocation hearing held on October 8, 2010, Petitioner pleaded guilty to violating a no-contact order. The Michigan Parole Board then found him guilty of possessing a firearm and two counts of assaulting, threatening, or intimidating Ms. Wilkins. The Parole Board revoked Petitioner's parole and ordered him to continue his term of incarceration for

sixty months.

Petitioner sought judicial review of the Parole Board's decision on the ground that he was denied due process at the parole revocation hearing. More specifically, he claimed that (1) the law examiner abused his or her discretion by refusing to adjourn the hearing to allow him to retrieve exculpatory evidence to contest the revocation of parole, and (2) the law examiner's findings were not supported by competent, material, and substantial evidence on the record. On July 18, 2011, Ingham County Circuit Judge William E. Collette adjudicated the petition for judicial review and affirmed the Parole Board's decision.

Petitioner filed his habeas corpus petition on August 23, 2011. The grounds for relief are: (1) Mich. Comp. Laws § 600.2963(8) violates the Federal Constitution on its face by denying access to the courts based on finances; (2) the Parole Board's decision is contrary to Black v. Romano, 471 U.S. 606 (1985), in that Petitioner was denied the effective assistance of counsel; and (3) the Parole Board's decision is contrary to Morrisey v. Brewer, 408 U.S. 471 (1972), in that Petitioner was unfairly denied an adjournment of the revocation hearing, which would have allowed him to gather evidence.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state court before raising them in a federal habeas corpus petition. See 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State . . . ." O'Sullivan,

526 U.S. at 845, 847. This means that a habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009). "It is the petitioner's burden to prove exhaustion," Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), and "[a]lthough the exhaustion doctrine is not a jurisdictional matter, Rockwell v. Yukins, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." Wagner, 581 F.3d at 415.

Petitioner concedes that he never presented his claims to the Michigan Court of Appeals and to the Michigan Supreme Court. He claims that he did not pursue an appeal because he is prevented by statute from filing an appeal until he finishes paying the filing fee for his Ingham County petition for judicial review. He also asserts that the statutory provision requiring prisoners to pay their outstanding fees and costs before commencing a new civil action or appeal is unconstitutional.

The statutory provision in question reads:

> (8) A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.

Mich. Comp. Laws § 600.2963(8).

The Court need not decide the constitutionality of this provision because Petitioner has not attempted to appeal Judge Collette's decision to the Michigan Court of Appeals and the Michigan Supreme Court. He could seek further review of Judge Collette's decision, apply for waiver of the filing fee and costs, and present his argument regarding the constitutionality of Mich. Comp. Laws § 600.2963(8) as one of the issues in the appeal. Because he has failed to raise any of these arguments, including his challenge to the constitutionality of § 600.2963(8), in the State's appellate courts, his claims are unexhausted. Accordingly, the petition for writ of habeas corpus (Dkt. 1) is

dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). In addition, a certificate of appealability is denied, and Petitioner may not proceed *in forma pauperis* on appeal because an appeal would be frivolous and could not be taken in good faith.

    SO ORDERED.

Dated: November 10, 2011　　　　　　　　　　s/Mark A. Goldsmith
       Flint, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

　　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　　Case Manager